Filed 5/22/23  McDonnell v. Ford Motor Company CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| TIMOTHY MCDONNELL, | |
| Plaintiff and Appellant, | G060637 |
| v. | (Super. Ct. No. 30-2019-01102209) |
| FORD MOTOR COMPANY, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, Richard Y. Lee, Judge.  Affirmed.

Law Offices of Jim O. Whitworth and Jim O. Whitworth for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Judd A. Gilefsky; Bush Seyferth and Derek J. Linkous for Defendant and Respondent.

\*        \*        \*

This appeal concerns a judgment entered in a lemon law case based on an agreement to compromise under Code of Civil Procedure[1] section 998. About five months after the judgment was entered, a disagreement arose between the parties about which party was required to pay off the lender of record on the car loan. The trial court vacated the judgment on the grounds that there had been no "meeting of the minds." The plaintiff later filed a nonstatutory motion to vacate that order as void, but the court denied the motion. This appeal followed.

We affirm. Based on this unique record, where it became apparent to the trial court that the judgment on the offer to compromise contained a material ambiguity, the court had authority to vacate that judgment under section 128. The court's order vacating the judgment thus was not void, and the court did not err in denying the plaintiff's motion to vacate its order vacating the judgment.

## FACTS

Timothy McDonnell filed this lemon law case against Ford Motor Company (Ford) in 2019, alleging claims for breach of express and implied warranties tied to his purchase of a Ford Expedition. In February 2020, Ford served McDonnell with an offer to compromise under section 998[2] (the 998 offer).

As is relevant here, the 998 offer contained the following terms: "1. [Ford] will pay to TIMOTHY MCDONNELL ('Plaintiff'), the sum of $57,207.26, which

---

[1] All further undesignated statutory references are to this code.

[2] Section 998 provides that any party to an action may "serve an offer in writing upon any other party to the action to allow judgment to be taken or an award to be entered in accordance with the terms and conditions stated at that time." (§ 998, subd. (b).) "If the offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly." (*Id.*, subd. (b)(1).) If a defense offer is not accepted and the plaintiff fails to obtain a more favorable judgment, the plaintiff may not recover his or her postoffer costs and must pay the defendant's costs from the time of the offer. (*Id.*, subd. (c)(1).)

constitutes reimbursement of the paid or payable for Plaintiff's 2018 Ford Expedition, VIN lFMJU1KTXJEA22707 (the 'Subject Vehicle'), incidental and consequential damages under the Song-Beverly Act. [¶] . . . [¶] 3. Plaintiff will deliver the Subject Vehicle to Ford on a date, time and place mutually agreeable no later than 30 calendar days after the parties' counsel have accepted this Statutory Offer. Plaintiff will surrender the Subject Vehicle with clear title, free and clear of all liens and encumbrances, other than the lender of record, to Ford or its designee. Plaintiff will execute whatever documents are necessary to effectuate the transfer of the Subject Vehicle to [Ford]." The offer did not expressly address which party would be responsible for paying off the loan balance to the lender of record.

McDonnell accepted Ford's 998 offer in April 2020, and the trial court entered a judgment based on the 998 offer in favor of McDonnell and against Ford on June 9. Consistent with the 998 offer, the judgment was in the amount of $57,207.26 and required McDonnell to "surrender the Subject Vehicle with clear title, free and clear of all liens and encumbrances, other than the lender of record, to Ford or its designee." Just like the 998 offer, the judgment did not specify which party was to pay off the outstanding loan balance.

After judgment was entered, McDonnell's counsel refused to have his client complete the requisite vehicle transfer paperwork. The conflict began when Ford's counsel asked McDonnell's counsel to forward either the current vehicle registration or a certificate of nonoperation to effectuate the transfer of the vehicle. McDonnell's counsel responded that his client was not required to provide that documentation. Ford's counsel then offered to have Ford pay for the cost of the certificate of nonoperation and provided instructions on how to obtain one. McDonnell's counsel responded, "Check should be here. Stop delaying things! We are not doing anything else on this matter. Nor are we ever discussing registration again."

3

Meanwhile, McDonnell's counsel obtained a writ of execution on the judgment from the court clerk. He emailed it to Ford's counsel in August with this comment: "Have the funds including interest here by noon today or we will send out for collections." Ford's counsel replied that the settlement check was in their possession and attempted to coordinate the surrender of the vehicle. McDonnell's counsel responded that his client would not do anything further and was "done waiting." Ford's counsel again reiterated that "the only thing left is for your client to sign the necessary documents to complete the surrender." McDonnell's counsel responded, "Your office cant [*sic*] be trusted. . . . I will move forward [with] collecting."[3]

The following day, Ford filed a motion to recall and quash the writ of execution, asserting it was still willing to comply with the terms of the 998 offer but that McDonnell had not provided the documents necessary to complete the settlement process. Ford thereafter filed a motion to enforce the settlement, in which it indicated it was prepared to reacquire the vehicle, "send the surrender documents to the dealership, send the settlement check to [McDonnell], . . . and send the loan payoff check to the lender . . . ."[4]

On November 17, 2020, Ford applied ex parte to advance the hearing on its motion to recall and quash. After hearing oral argument, the trial court ordered McDonnell and counsel for both parties to appear in person on November 20, directed Ford's counsel to bring a certificate of nonoperation for McDonnell's signature to the

---

[3] The lack of professionalism by McDonnell's counsel in coordinating the surrender of the vehicle is striking, since he and his client agreed in the 998 offer to "execute whatever documents are necessary to effectuate the transfer of the Subject Vehicle to [Ford]." "Dignity, courtesy, and integrity were conspicuously lacking." (See *Lasalle v. Vogel* (2019) 36 Cal.App.5th 127, 134.)

[4] This seems to be the first time Ford communicated that there would be two separate checks—one for McDonnell and one for the lender.

4

hearing, and instructed Ford's counsel to provide McDonnell with a settlement check in the amount of $57,207.26 once McDonnell signed the form.

During the November 20 hearing, Ford's counsel advised the trial court that she had the paperwork for McDonnell to complete, as well as McDonnell's check. However, the check that she presented was for only $7,391.06, not $57,207.26. Counsel explained that this was the amount payable to McDonnell, and Ford would pay the remaining funds ($49,816) directly to the lienholder. Counsel argued that the loan payoff check is "sent directly to the lienholder" in "every single lemon law case" because otherwise there would be "no guarantee that the payoff check actually gets sent to the lender."[5]

McDonnell's counsel objected arguing that was "not the agreement and that's not the court order." He asserted that McDonnell had no obligation to pay the lienholder under the terms of the 998 offer, and McDonnell was entitled to "pocket" the entire $57,207.26 settlement payment. According to McDonnell, the 998 offer required him to pay off any liens on the car *except for* his loan from the lender; i.e., Ford was responsible to pay off the loan.

The trial court responded that McDonnell's position was "not reasonable"; it then found the parties "don't have an agreement" or a "meeting of the minds." As a result, the court vacated the judgment and set a trial date for November 2021. At the conclusion of the hearing, the court observed there was "some disagreement" between the attorneys about "the right result" and that McDonnell could "renegotiate" if he desired.

---

[5]     Neither the 998 offer nor the judgment mention a payoff to the lender; they describe only one check for $57,207.26 payable to McDonnell. Even on appeal, in support of its position that the judgment requires the payment of two different checks, Ford does not reference the 998 offer or the judgment, but rather its attorney's comments during the November 20, 2020 hearing.

Over the next six months, McDonnell apparently prepared for trial by filing various discovery-related motions. Then, in May 2021, he filed a motion to vacate the trial court's November 20, 2020 order as void. He argued the court acted without jurisdiction in vacating the judgment sua sponte,[6] noting that Ford had never filed a noticed motion to vacate the judgment under section 663[7] and any such motion would have been untimely under section 663a. Ford opposed the motion, asserting there was no enforceable settlement and the court was within its power to vacate the judgment under section 128, which permits a court to provide for the orderly conduct of proceedings.

The trial court denied McDonnell's motion to vacate its November 2020 order in July 2021. It noted that Ford failed to cite any authority that section 128 enables a court to vacate a judgment entered on a 998 offer. However, it reasoned that Ford could have filed a motion to vacate the judgment under section 473 (see *Pazderka v. Caballeros Dimas Alang, Inc.* (1998) 62 Cal.App.4th 658, 667–668 (*Pazderka*) [§ 998 judgment may be challenged by motion to vacate judgment under § 473, subd. (b)]), and although Ford did not actually file such a motion, "there is no indication the arguments or evidence would have been different" if it had. The court also observed McDonnell did not move for reconsideration or otherwise object to the November 2020 order until May 2021, so his motion to vacate was "untimely and improper."

---

[6]    McDonnell characterizes the trial court's ruling as sua sponte. However, according to the reporter's transcript, toward the end of the hearing, the court asked Ford's counsel, "[a]re you willing to vacate the judgment?" Ford's counsel answered, "Yes," and the court replied, "Granted." Consistent with that exchange, the court's minute order from the hearing states that the defense made a motion to vacate the judgment and the court granted that motion.

[7]    Under section 663, a party may move the court to vacate a judgment based on a decision by the court or a jury's special verdict if there was an incorrect legal basis for the decision not consistent with the facts, or if the judgment conflicts with the special verdict.

McDonnell appealed from that July 2021 order.[8] While his appeal was pending, the trial court called the matter for trial on November 1, 2021. McDonnell did not appear, but Ford answered ready for trial and moved to dismiss the case under section 581, subdivision (b)(5), which allows a court to dismiss a case without prejudice if either party fails to appear for trial and the other party appears and asks for a dismissal. The court granted Ford's motion and entered a judgment of dismissal.

## DISCUSSION

McDonnell appeals from the trial court's July 2021 order denying his motion to vacate the court's November 2020 order vacating the judgment. According to McDonnell, since Ford never filed a noticed motion to vacate the judgment, the court acted in excess of its jurisdiction, and its November 2020 order vacating the judgment is void.

Before reaching the merits of McDonnell's argument, we must first address a threshold issue raised by Ford: whether the trial court's July 2021 order denying McDonnell's motion to vacate the November 2020 order is an appealable order.

"A trial court's order is appealable when made so by statute. [Citation.] In civil matters, section 904.1 is the main statute that identifies appealable judgments and orders. Under that statute, final judgments are appealable. (§ 904.1, subd. (a)(1).) Interlocutory orders generally are not." (*Benton v. Benton* (2019) 39 Cal.App.5th 212, 216-217.)

Ford maintains the July 2021 order is an interlocutory order which cannot be appealed. According to Ford, neither the June 2020 judgment based on the 998 offer nor the November 2020 order vacating that judgment is appealable. (*Pazderka, supra,*

---

[8] We dismissed McDonnell's appeal in October 2021 due to his failure to comply with the applicable rules on preparing the appellate record. We reinstated the appeal a week later after he corrected his errors.

62 Cal.App.4th at p. 667 [§ 998 judgment is not appealable]; see *H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1365 [order vacating voluntary dismissal is not appealable].) By extension, Ford contends the July 2021 order denying McDonnell's motion to vacate the November 2020 order should not be appealable.

We disagree. McDonnell filed a nonstatutory motion to vacate the November 2020 order as void and appeals from the trial court's denial of that motion. Although "[t]he general rule is that nonstatutory motions to vacate are not appealable, . . . an exception applies when the appellant alleges that the underlying order or judgment is void. [Citation.] The justification for this exception is that if an order or judgment is void, an order denying a motion to vacate that order or judgment is also void and appealable because it gives effect to a void [order or] judgment." (*Doe v. Regents of University of California* (2022) 80 Cal.App.5th 282, 292 (*Regents*); cf. *Shisler v. Sanfer Sports Cars, Inc.* (2008) 167 Cal.App.4th 1, 5 [order denying a statutory motion under § 473, subd. (d), to vacate a void order is independently appealable].) We therefore decline Ford's invitation to dismiss the appeal.

Turning to the merits, McDonnell contends the trial court's November 2020 order vacating the judgment on the 998 offer is void and the court therefore erred in denying his motion to vacate that void order. Again, we disagree.

An order is void if the issuing court lacked subject matter jurisdiction or jurisdiction over the parties, or if it granted relief it had no power to grant. (*Carlson v. Eassa* (1997) 54 Cal.App.4th 684, 691; see *Regents, supra*, 80 Cal.App.5th at p. 295; *People v. The North River Ins. Co.* (2020) 48 Cal.App.5th 226, 233–234 [comparing void orders, where court had no fundamental jurisdiction, with voidable orders, where court acted in excess of its jurisdiction]; see, e.g., *Vitatech Internat., Inc. v. Sporn* (2017)

16 Cal.App.5th 796, 807 [stipulated judgment that includes an unlawful liquidated damages provision is void and may be vacated].)[9]

Our analysis therefore hinges on whether the trial court had the power to vacate the judgment on the 998 offer due to the parties' apparent lack of meeting of the minds. Based on the record before us, we conclude it did.

As noted, during the November 2020 hearing, the trial court determined that despite the entry of judgment five months earlier, the parties did not agree as to who was responsible for paying off the loan balance to the lender. The 998 offer and judgment are at best ambiguous on that point, requiring McDonnell to "surrender the Subject Vehicle with clear title, free and clear of all liens and encumbrances, *other than the lender of record*, to Ford or its designee." (Italics added.) The judgment failed to specify which party was to pay off the lender, or what funds would be used to do so. It is difficult to imagine how McDonnell could surrender the vehicle to Ford unless the loan was paid off by someone.

Once it became evident the parties disagreed on that material settlement term, the trial court had the power to vacate the judgment. Section 128 affords courts the power to provide for orderly conduct in proceedings and to amend their processes and orders so they conform to law and justice. (§ 128, subd. (a)(3) & (8).) This provision authorized the trial court to vacate the judgment under the circumstances present here. (See *Redwood Coast Watersheds Alliance v. State Bd. of Forestry & Fire Protection* (1999) 70 Cal.App.4th 962, 969 [§ 128, subd. (a)(8) afforded trial court full power to vacate its earlier judgment].)

---

[9] Void orders may be attacked at any time, and a trial court retains the inherent power to vacate void orders. (*Regents, supra*, 80 Cal.App.5th at p. 292.) Whether an order is void is a question of law that we review de novo. (*Id.* at p. 295.)

Under these circumstances, where there was no meeting of the minds on a material settlement term, the trial court did not err in vacating the judgment. And because the trial court's November 2020 order vacating the judgment was not void, the court did not err in denying McDonnell's motion to vacate that order. We thus affirm the court's July 2021 order to that effect.

As for the judgment of dismissal without prejudice that the trial court entered in November 2021 while this appeal was pending, the court had no authority to enter that judgment, having been divested of subject matter jurisdiction during the pendency of the appeal. (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 196–197.) That void judgment of dismissal is therefore reversed, and the matter is remanded for further proceedings, including a trial on the merits.

## DISPOSITION

We affirm the trial court's July 2021 order denying McDonnell's motion to vacate the November 2020 order vacating the judgment on the 998 offer. The judgment of dismissal entered in November 2021 is reversed, and the matter is remanded for further proceedings. In the interests of justice, neither side shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)


GOETHALS, J.

WE CONCUR:


O'LEARY, P. J.


MOTOIKE, J.

10